## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHARLEY NEELEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 1:17-cv-105** |
| **CITY OF MARBLE HILL** | ) | |
| Serve Registered Agent: | ) | **JURY TRIAL DEMANDED** |
| Jerome Gaines | ) | |
| 302 Union Street, | ) | |
| Marble Hill, MO 63764 | ) | |
| | ) | |
| **Defendant.** | ) | |

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Cape Girardeau, Missouri as the place of trial.

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all claims triable by jury.

### <u>COMPLAINT</u>

COMES NOW Plaintiff Charley Neeley, by and through his attorneys of record, and for his Complaint against the above named Defendant, states and alleges the following:

### NATURE OF THE CLAIM

1.      This action for legal and equitable relief arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff also alleges state law claims pursuant to the Missouri Human Rights Act ("MHRA") for age discrimination.

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under federal statutes.

3.  The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4.  Plaintiff seeks all relief allowed by the ADEA and MHRA to remedy his claims.

## PARTIES

5.  Plaintiff is now, and was at all times relevant to the allegations in this Complaint, a resident and citizen of the State of Missouri.

6.  At all times herein, Plaintiff was employed by Defendant City of Marble Hill.

7.  Defendant City of Marble Hill ("Marble Hill") is a municipality organized and operating as a body politic and sub-division of the State of Missouri pursuant to the Missouri State Constitution, and has the authority delegated to it by the State to enforce the laws of the State of Missouri, and govern the citizens of the City of Marble Hill.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because his claim arises under the ADEA of 1967, as amended. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim.

9.  Defendant's unlawful employment practices complained of herein occurred in Bollinger County, Missouri, and accordingly, jurisdiction and venue are proper in this Court pursuant to 28 U.S.C § 1391(b).

## ADMINISTRATIVE PREREQUISITES

10.  On September 19, 2016, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR"). The charge number was 28E-2016-01793C and a copy is attached hereto as **Exhibit A**, and incorporated herein by reference.

2

11.    On November 23, 2016, Plaintiff timely filed an Amended Charge of Discrimination with the EEOC and MCHR.  The charge number is 28E-2016-01793 and a copy is attached hereto as **Exhibit B**, and incorporated herein by reference.

12.    The MCHR mailed Plaintiff his notice of the right to sue concerning charge number 28E-2016-01793 on April 5, 2017.  A copy of the right to sue notice is attached hereto as **Exhibit C** and is incorporated herein by reference.

13.    The EEOC mailed Plaintiff his notice of the right to sue concerning charge number 28E-2016-01793 on April 13, 2017. A copy of the right to sue notice is attached hereto as **Exhibit D** and is incorporated herein by reference.

14.    This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

15.     Plaintiff was hired by Defendant in or around 1998.

16.    In August of 2016 Plaintiff worked in the Water Department as a maintenance worker, and upon information and belief, was the longest serving employee with Defendant.

17.    On or about August 29, 2016, Plaintiff's supervisor Dennis Cato informed Plaintiff he was being terminated.

18.    At the time of Plaintiff's termination, he was 59 years old.

19.    Plaintiff was told only that the Board for the City wanted Plaintiff gone and that Plaintiff should not question the decision.

20.    Around roughly the same time as Plaintiff's termination, Defendant fired two additional employees, Scott Jenkins and Gilbert Wall, who were both over the age of 50 years old.

3

21.     Subsequent to his termination, Plaintiff learned that multiple males who were younger than Plaintiff and had significantly less experience were hired by Defendant and given some of Plaintiff's former job duties.

22.     Based on information and belief, Defendant wanted to phase out older employees who were close to retirement age and replace the terminated employees with younger employees.

23.     Based on information and belief, Plaintiff was terminated, in whole or in part, because of his age.

24.     As a result of Defendant's actions, Plaintiff has experienced and continues to experience lost wages and emotional distress.

25.     At all times relevant herein, the above referenced individuals were agents, servants and employees of Defendant and were acting within the course and scope of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thereby making Defendant liable for the actions of said persons and/or perpetrators under all theories herein pled.

**COUNT I**
**MHRA – R.S.Mo. § 213.055**
**Age Discrimination**
(Against Defendant Marble Hill)

26.     Plaintiff incorporates by reference the allegations in every other paragraph as set forth in this Petition.

27.     The conduct and actions of Defendant constitutes improper and discriminatory behavior.

28.     The Missouri Human Rights Act prohibits discrimination against a person who is over the age of 40 but less than the age of 70.

29.     Plaintiff is an individual over the age of 40 but less than the age of 70.

4

30.     Plaintiff, age 59 at the time of his termination, was discriminated against upon the basis of his age.

31.     Plaintiff was not provided with the same opportunity to benefit from employment as his younger counterparts.

32.     The conduct of Defendant and its agents adversely impacted Plaintiff, including his conditions and privileges of employment because Plaintiff was denied the right to work in an environment free from discrimination and the conduct described herein unnecessarily interfered with Plaintiff's ability to perform his job.

33.     Plaintiff was terminated in August 2016 and replaced with much younger colleagues with significantly less experience.

34.     Plaintiff's age was a contributing factor in the discriminatory conduct he suffered and experienced, including but not limited to his termination.

35.     As a direct result of the he conduct described herein, Plaintiff sustained damages, including lost wages and emotional distress in the form of degradation, pain, anguish, and anxiety.

36.     At all times relevant herein, the individuals referenced were acting within the course and scope of their agency and employment with Defendant, and/or their actions were expressly authorized by Defendant Marble Hill, and/or Defendant Marble Hill ratified the actions of its employees and agents, thereby making said Defendant vicariously liable for their actions under the doctrine of respondeat superior.

37.     The actions and conduct set forth herein were outrageous and showed an evil motive or demonstrated a reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant, to punish and

deter Defendant and others from engaging in similar unlawful conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I of the Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by R.S.Mo. §213.055, for an award of compensatory and punitive damages, for his costs expended, for reasonable attorneys' fees, and for any further relief the Court deems just and proper.

**COUNT II**
**ADEA – 29 U.S.C. § 621 *et seq.***
**Age Discrimination**
(Against Defendant Marble Hill)

38.    Plaintiff incorporates by reference the allegations in every other paragraph as set forth in this Petition.

39.    Plaintiff was 59 years old at the time of his termination from Defendant.

40.    Plaintiff was performing his job in a satisfactory manner at all times during his employment with Defendant.

41.    Plaintiff is informed and believes, and based thereon alleges, that he was terminated from employment as a consequence of his age.

42.    Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described herein.

43.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

44.    As a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety and sadness.

45.    The actions and conduct of the above described perpetrators as set forth herein

6

were intentional, willful, malicious, grossly negligent, reckless, extreme, and outrageous and exhibited a conscious disregard for Plaintiff's rights and the rights of others, and therefore Plaintiff is entitled to liquidated damages.

46.    At all times mentioned herein, before and after, all alleged perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of this Complaint, for a finding that he has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, cost of living increase and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; for his costs herein expensed; reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By:    /s/ Sophie Woodworth
Sophie Woodworth, MO Bar# 49383
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:   (816) 283-8738
FAX:   (816) 283-8739
Email: SWoodworth@hslawllc.com

**ATTORNEY FOR PLAINTIFF**